Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Le T. Duong
Email: lduong@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
CardWorks, Inc. and CardWorks
Servicing, LLC, for itself and as
appointed successor servicer for Advanta
Bank Corp. (erroneously sued as
"Advanta Bank"; "Advanta Credit
Cards"; and "Advanta Bank/Cardworks")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>Plaintiff,<br><br>vs.<br><br>ADVANTA BANK, ADVANTA CREDIT CARDS, ADVANTA BANK/CARDWORKS, CARDWORKS INC., CARDWORKS SERVICING, LLC, and DOES 1-20<br><br>Defendants. | Case No. 5:16-cv-06437-HRL<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: February 7, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 2<br><br>Magistrate Judge Howard R. Lloyd<br><br>[Concurrently filed with *[Proposed] Order*] |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TO PLAINTIFF IN *PRO SE*:**

PLEASE TAKE NOTICE that on February 7, 2017, at 10:00 a.m., in Courtroom 2, in the above-entitled Court located at 280 South 1st Street, 5th Floor, San Jose, CA 95113, Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/Cardworks") (collectively, "Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Complaint of Plaintiff Terrace Ellis ("Plaintiff"), and each claim for relief alleged therein against Defendants, on the ground that the Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, court records and files, and upon such other matters that the Court may consider at the hearing on the Motion.

DATED: December 23, 2016            REED SMITH LLP

By: */s/ Raffi Kassabian*
Raffi Kassabian
Attorneys for Defendants
CardWorks, Inc., CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/Cardworks")

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

III. LEGAL STANDARD ............................................................................................2

IV. LEGAL ARGUMENT ...........................................................................................3

    A. Plaintiff's FCRA Claims Against Defendants Are Barred By The Statute Of Limitations. ......................................................................3

    B. There Is No Private Right of Action Under Section 1681s-2(a) of the FCRA ...............................................................................................5

    C. Plaintiff Does Not Allege Any Facts That Defendants' Investigation Was Unreasonable .........................................................6

    D. Plaintiff's Entire Complaint Fails Because Plaintiff Fails to Differentiate Between the Defendants ......................................................7

V. CONCLUSION .......................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................. 3

*Bagramyan v. Bank of America N.A.*,
C. D. Cal. Case Number 2:12-cv-00720-DMG-RZ ........................................................... 7

*Balistreri v. Pacifica Police Dep't.*,
901 F.2d 696 (9th Cir. 1988) ............................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................................. 3

*Bittick v. Experian Information Solutions, Inc. et al.*,
419 F. Supp.2d 917 (2006) .................................................................................................. 4

*Blackwell v. Capital One Bank*,
No. 606CV066, 2008 WL 793476 (S.D. Ga. March 25, 2008) ...................................... 4, 5

*Chiang v. Verizon New England, Inc.*,
595 F.3d 26 (1st Cir. 2010) ................................................................................................. 3

*Corazon v. Aurora Loan Services, LLC*,
No. 11-00542, 2011 WL 1740099 (N.D. Cal. May 5, 2011) .............................................. 7

*Epstein v. Wash. Energy Co.*,
83 F.3d 1136 (9th Cir. 1996) ............................................................................................... 3

*Gauvin v. Trombatore*,
682 F.Supp. 1067 (N.D. Cal. 1988) .................................................................................... 7

*Gomez v. Wells Fargo Home Mortgage*,
No. C 11-01725, 2011 WL 5834949 (N.D. Cal. Nov. 21, 2011) ....................................... 7

*Gorman v. Wolpoff & Abramson*, LLP,
584 F. 3d 1147 (9th Cir. 2009) ........................................................................................... 6

*Hancock v. Charter One Mortgage et al.*,
No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30, 2008) .......................................... 4

*Hatten v. Experian Info. Sols., Inc.*,
   No. 12-12236, 2013 WL 5179190 (E.D. Mich. Sept. 12, 2013) .............................. 4

*Marin v. Eidgahy*,
   No. 10 CV 1906 MMA (RBB), 2011 WL 2446384 (S.D. Cal. June 17, 2011) ........................................................................................................................... 8

*Nelson v. Chase Manhattan Mortg. Corp.*,
   282 F. 3d 1057 (9th Cir. 2002) ....................................................................... 2, 3, 6

*In re Sagent Tech., Inc.*,
   278 F.Supp. 2d 1079 (N.D. Cal. 2003) ............................................................... 7

**Statutes**

15 U.S.C. § 1681i(a)(2)(A) ................................................................................... 6

15 U.S.C. § 1681p .............................................................................................. 4

15 U.S.C. § 1681s-2(a)(1)(A) ............................................................................ 6

15 U.S.C. § 1681s-2(b) ...................................................................................... 3

15 U.S.C. § 1681s-2(b)(1) ................................................................................. 3

15 U.S.C. § 1681s-2(c) ...................................................................................... 6

15 U.S.C. § 1681s-2(d) .................................................................................. 2, 6

**Rules**

Fed. R. Civ. P. 8 ................................................................................................. 2

– iii –

## I. INTRODUCTION

This is now Plaintiff Terrace Ellis' ("Plaintiff") second lawsuit against Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/Cardworks") (collectively, "Defendants") concerning the same underlying credit card account (the "Account"), the first of which Plaintiff previously dismissed with prejudice and the parties settled. Despite entering into a settlement agreement and release, Plaintiff now brings this second lawsuit erroneously alleging that Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* when they furnished information to credit reporting agencies ("CRAs") indicating that Plaintiff was the holder of the Account which she alleges never belonged to her. Plaintiff alleges that Defendants violated the FCRA by furnishing this information and by failing to properly investigate this reporting after receiving notice of the dispute. Independent of the fact that Defendant, Cardworks Servicing, LLC, notified all three CRAs to delete the Account, Plaintiff's FCRA claim –premised on the alleged impropriety of Defendants' credit furnishing conduct – fails as a matter of law because it is barred by the applicable statute of limitations. In particular, Plaintiff judicially admits in her Complaint that she had notice of the alleged FCRA violations as early as July 2014, but did not file the present lawsuit until November 3, 2016, **more than two years** after she discovered Defendants' alleged violation. For this reason alone, this Court should grant Defendants' motion and dismiss the case with prejudice.

Furthermore, Plaintiff's Complaint fails for the independent reason that she does not allege any facts that Defendants' investigation was unreasonable under the FCRA. In addition, her second cause of action fails because there is no private right of action under Section 1681s-2(a) of the statute. Instead, the provisions of subsection 1681s-2(a) are "enforced exclusively…by the Federal agencies and officials and

[certain] State officials." 15 U.S.C. § 1681s-2(d). *See also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F. 3d 1057, 1060 (9th Cir. 2002) ("Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies").

For these reasons, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

## II.   STATEMENT OF FACTS

In her barebones Complaint, Plaintiff claims that the Account "never belonged to Plaintiff" and that in July of 2014, she noticed that the Account was reporting on her Transunion and Equifax credit reports. Compl. ¶¶ 13-14. Plaintiff alleges that she disputed the tradeline with Transunion and Equifax and that the Account was removed from her Transunion report, but in November 2014 the Account remained on her Equifax credit report. *Id.* ¶¶ 14-15. Based on these allegations, Plaintiff contends that "Defendants" did not conduct a reasonable investigation, failed to convey an accurate report, and failed to "note the true source furnishing the information" *Id.* ¶¶ 24-35. However, Plaintiff has not, and cannot, allege that Defendants have any control over how the credit reporting bureaus reported the tradeline once Defendants submitted the information.

## III.   LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. The function of this pleading requirement is to "give the defendant fair notice of what the

... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

### IV.   LEGAL ARGUMENT

**A.   Plaintiff's FCRA Claims Against Defendants Are Barred By The Statute Of Limitations.**

Section 1681s-2(b) of the FCRA imposes a duty of investigation on credit furnishers, but only after they have been notified by a credit bureau that the consumer disputes the accuracy of the credit information furnished. 15 U.S.C. § 1681s-2(b)(1); *Nelson.,* 282 F.2d 1060; *see also Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (notice of disputed information provided directly from consumer to a furnisher does not trigger a furnisher's duties under Section 1681s-2(b)). Specifically, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review the information provided by the credit bureau, and to report findings to the bureau. 15 U.S.C. § 1681s-2(b). If the investigation reveals that the information is incomplete, inaccurate, or unverifiable, the furnisher must modify, delete, or permanently block the reporting of that item of information. *Id.* The FCRA

– 3 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(6)

requires that a plaintiff plead violations of the statute within two years of the date of the discovery, or within five years of the date "on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

Here, the crux of Plaintiff's claim is based on the allegation that Defendants refused to remove the Account from her credit report through March 2016. Compl. ¶¶ 14-15, 17. In particular, Plaintiff claims that as early as July of 2014 and November of 2014, she sent letters to the credit reporting agencies advising that she was not an account holder. *Id.* Because Plaintiff judicially admits that she had knowledge of the facts giving rise to her FCRA claim **over two years ago** and as early as July 2014, her FCRA claim is time-barred and fails as a matter of law. *Hancock v. Charter One Mortgage et al.*, No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30, 2008) (dismissing FCRA claim as time-barred where the first dispute letter was sent three years before the plaintiff brought suit); *see also Bittick v. Experian Information Solutions, Inc. et al.*, 419 F. Supp.2d 917 (2006) (dismissing FCRA claim where the plaintiff first disputed account four years before filing suit); *Hatten v. Experian Info. Sols., Inc.*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013) (rejecting the view that each submitted complaint tolls the statute of limitations because this would allow plaintiffs to "extend the statute of limitations indefinitely simply by filing subsequent complaints as the two year period nears its end.").

To the extent that Plaintiff may contend that her claim is timely because the Account was allegedly still reporting on her Experian and Equifax reports as of March 2016, it is unavailing. Compl. ¶ 17. In particular, this case is similar to the plaintiff's case in *Blackwell v. Capital One Bank*, No. 606CV066, 2008 WL 793476 (S.D. Ga. March 25, 2008). In *Blackwell*, plaintiff claimed she never signed on to, much less opened, a joint credit card account with her former husband. *Id.* at *1. The plaintiff discovered that the credit card account was on her credit report in 2003, and submitted a complaint to the CRAs in 2003, and again in 2005 and 2006, but did not file suit

until 2006. *Id.* at *1-2. The plaintiff agreed that the FCRA statute of limitations barred any claim for the complaint she submitted in 2003, but argued that her complaints in 2005 and 2006 "restarted" the limitation clock. *Id.* at *2. The district court disagreed holding:

> "To allow (plaintiff's) claim to go forward based upon the subsequently submitted complaints would allow plaintiffs to indefinitely extend the limitations period and render it a nullity. The Court will not read the statute so as to provide such an anomalous result….If Congress intended such a result it would have said so clearly."

*Id.* at *3. The district court went on to note that Congress established a two or five year statute of limitations for a FCRA claim so that the first time the plaintiff discovered the allegedly inaccurate information and submitted her complaint to the CRAs, she had two years thereafter to bring her action. *Id.* This is the situation here, as Plaintiff had notice of the alleged violations as early as July 2014. However, the present lawsuit was not commenced until November 3, 2016, more than two years after she discovered Defendants' alleged violation.

Accordingly, this Court should dismiss Plaintiff's FCRA claim with prejudice.

**B.      There Is No Private Right of Action Under Section 1681s-2(a) of the FCRA**

In Count 2, Plaintiff alleges that Defendants violated the FCRA by failing to convey an "accurate, clear and complete report of their findings following the July 2014 investigation involving the Transunion tradeline." *See* Compl. ¶ 28. Although no statutory provision is cited for this alleged violation, any allegation against a furnisher of credit information relating to inaccurate or false credit reporting is governed by section 1681s-2(a) of the FCRA, titled "Duty of furnishers of information to provide accurate information," which, in relevant part, imposes the following obligation on a furnisher of credit information: "A persona shall not furnish any information relating to a consumer to any consumer reporting agency if the person

– 5 –

knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). There is, however, no private right of action for subsection 1681s-2(a) of the FCRA. *See* 15 U.S.C. § 1681s-2(c). Instead, the provisions of subsection 1681s-2(a) are "enforced exclusively…by the Federal agencies and officials and [certain] State officials." 15 U.S.C. § 1681s-2(d). *See also Nelson v. Chase Manhattan Mortg. Corp.*, 282 F. 3d 1057, 1060 (9th Cir. 2002) ("Congress did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished. Hence, Congress limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies"); *Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147, 1154 (9th Cir. 2009). Accordingly, no FCRA claim can be predicated on Defendants' alleged furnishing of inaccurate credit information to the credit reporting agencies. For this additional reason, Defendants' motion to dismiss the second cause of action should be granted and the claim should be dismissed with prejudice.

**C.   Plaintiff Does Not Allege Any Facts That Defendants' Investigation Was Unreasonable**

In addition to being time-barred, Plaintiff's claim also fails because she does not allege any facts that Defendants' investigation was unreasonable under the statute.

The investigation required of a furnisher pursuant to Section 1681s-2(b) of the FCRA is simply a "reasonable" and "non-cursory" one. *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). The scope of the furnisher's investigation is framed by the specific dispute information received from the CRA, which must include "all relevant information regarding the dispute that the [CRA] has received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman*, 584 F.3d at 1157.

– 6 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(6)

Here, Plaintiff does not allege what information was provided to the CRAs in relation to her alleged disputes. Because Plaintiff does not provide any facts regarding what information, if any, she provided to the CRAs regarding her dispute, Plaintiff fails to allege that Defendants conducted an unreasonable investigation of Plaintiff's dispute. *See Bagramyan v. Bank of America N.A.*, C. D. Cal. Case Number 2:12-cv-00720-DMG-RZ, Document #18 (granting motion to dismiss FCRA claim, holding, "As Plaintiff's allegations currently stand, Defendant's duty to investigate did not extend beyond verifying that Plaintiff in fact had the account at issue. Plaintiff's factual allegations—of which there are few—indicate that Plaintiff fulfilled this duty").

**D.    Plaintiff's Entire Complaint Fails Because Plaintiff Fails to Differentiate Between the Defendants**

Lastly, a court should dismiss a complaint where the complaint contains undifferentiated pleading against multiple defendants because such a complaint fails to put each defendant on fair notice of its alleged wrongdoing as required by the Federal Rules of Civil Procedure. *See Corazon v. Aurora Loan Services , LLC*, No. 11-00542, 2011 WL 1740099, *4 (N.D. Cal. May 5, 2011) (granting motion to dismiss because plaintiff failed to differentiate between each defendant, thus failing to place each defendant on fair notice of its alleged misconduct); *In re Sagent Tech., Inc.*, 278 F.Supp. 2d 1079, 1094 (N.D. Cal. 2003) (holding, "The Complaint fails to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act"); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together multiple defendants in one broad allegation fails to satisfy notice requirement of FRCP Rule 8(a)(2)); *Gomez v. Wells Fargo Home Mortgage*, No. C 11-01725, 2011 WL 5834949 *4 (N.D. Cal. Nov. 21, 2011) (granting motion to dismiss because plaintiff grouped the defendants together and thus did not adequately notify each defendant as to what it supposedly

– 7 –
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

did wrong); *Marin v. Eidgahy*, No. 10 CV 1906 MMA (RBB), 2011 WL 2446384 *4 (S.D. Cal. June 17, 2011) ("Plaintiff's vague allegations that repeatedly group all Defendants together under each claim for relief are not sufficient.").

Here, Plaintiff's Complaint groups all of the defendants together without differentiating between them. Plaintiff repeatedly refers to the undifferentiated "defendants" without specifying which defendant was allegedly responsible for each act alleged in the Complaint. *See e.g.* Comp. ¶ 24 (Count 1) ("Defendants' failed to conduct a reasonable investigation after Plaintiff disputed the tradelines with Equifax and Experian, and *willfully* continued reporting these inaccurate trade lines, constituting a violation of the Fair Credit Reporting Act (FCRA) **15 U.S.C. 1681s-2(b).**") (emph. in original); Comp. ¶ 28 (Count 2) ("Defendants failed to convey to each credit reporting agency an accurate, clear and complete report of their findings following the July 2014 investigation involving the Transunion tradeline."); Comp. ¶ 33 (Count 3) ("Defendants reported on Plaintiff's Equifax and Experian credit reports as 'Advanta Bank' and 'Advanta Credit Cards' from 2014 thru March 2016 despite the fact that Advanta (in every form) closed its doors in 2010."). Because the Complaint fails to put Defendants on notice of their alleged respective wrongful conduct, Plaintiff's entire Complaint fails and should be dismissed.

## V. CONCLUSION

Based on the foregoing, Defendants respectfully requests that this Court grant the Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

DATED: December 23, 2016

REED SMITH LLP

By: */s/ Raffi Kassabian*
Raffi Kassabian
Attorneys for Defendants
CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/Cardworks")