Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   +1 213 457 8000
Facsimile:   +1 213 457 8080

Le T. Duong
Email:  lduong@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
CardWorks, Inc. and CardWorks
Servicing, LLC, for itself and as
appointed successor servicer for Advanta
Bank Corp. (erroneously sued as
"Advanta Bank"; "Advanta Credit
Cards"; and "Advanta Bank/Cardworks")

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>             Plaintiff,<br><br>     vs.<br><br>ADVANTA BANK, ADVANTA CREDIT CARDS, ADVANTA BANK/CARDWORKS, CARDWORKS INC., CARDWORKS SERVICING, LLC, and DOES 1-20<br><br>             Defendants. | Case No. 5:16-cv-06437-BLF<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)**<br><br>Date:        February 7, 2017<br>Time:        10:00 a.m.<br>Place:       Courtroom 2<br><br>Honorable Beth Labson Freeman |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

# I.    INTRODUCTION

Plaintiff Terrace Ellis' ("Plaintiff") Opposition does nothing to cure the fatal defects in her Complaint ("Compl.") against Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/Cardworks") (collectively, "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*

Critically, Plaintiff continues to admit that she had notice of the alleged FCRA violations as early as July 2014, but did not file the present lawsuit until November 3, 2016, ***more than two years*** after she discovered Defendants' alleged violation. Plaintiff's reliance on *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988) fails because the facts of that case are inapposite.  The exhibits improperly attached to her Opposition confirm the same.  Indeed, Plaintiff's alleged submission of disputes to credit reporting agencies ("CRAs") do not restart the statute of limitations.  For this reason alone, this Court should grant Defendants' motion and dismiss the case with prejudice.

Furthermore, Plaintiff's Opposition attempts to improperly add numerous allegations that were not asserted in the Complaint to support her position that Defendants' investigation was unreasonable.   But Plaintiff's attempt to use the Opposition to amend and expand the allegations in the operative complaint is wholly improper.  As such, the new allegations in the Opposition should be disregarded.

Plaintiff's Opposition fails to cure the fatal pleading defects raised in Defendant's Motion to Dismiss.  For these reasons, Defendants' Motion to Dismiss should be granted and Plaintiff's Complaint should be dismissed with prejudice.

/ / /

/ / /

/ / /

## II.   LEGAL ARGUMENT

**A.   Plaintiff's Opposition Demonstrates That Her FCRA Claims Against Defendants Are Barred By The Statute Of Limitations.**

Plaintiff's Opposition relies on *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988) for the proposition that Plaintiff's Complaint is not time barred because the statute of limitations restarts with the submission of each dispute letter.  Opp.'n. at 4-5.

However, *Hyde* applies the pre-amendment version of Section 1681p of the FCRA, which has been inoperative since 2003.  *See Bittck v. Experian Information Solutions, Inc.*, 419 F. Supp. 2d 917, 918-19 (N.D. Tex. 2006).  As amended, Section 1681p tolls the statute of limitations period "2 years after the date of discovery by the plaintiff of the violation that is the basis for … liability."  15 U.S.C. § 1681p.  Courts interpreting the amended provision have held that the date of discovery occurs when the consumer first becomes aware of the allegedly false reporting, *not when the consumer issues a dispute letter to CRAs*.  *See Hancock v. Charter One Mortgage*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30, 2008) ("[Plaintiffs] discovered the error in November 2004 and wrote a dispute letter on December 10, 2004.… Plaintiffs had two years after the date of discovery, November 2004, to file suit."); *see also Bittck*, 419 F. Supp. 2d at 919.[1]

Furthermore, the facts are inapposite to *Hyde* because Plaintiff does not allege that Defendants reissued incorrect credit reports, but centers around allegations that she submitted multiple dispute letters to Defendants.  *See Hyde*, 861 F.2d at 449; Opp'n at 2.  In *Hancock v. Charter One Mortgage et al.*, No. 07-15118, 2008 WL 2246042 *2 (E.D. Mich. May 30, 2008), the plaintiffs relied on *Hyde* for the

---

[1] In *Bittick*, the consumer attempted to revive the FCRA statute of limitations period by sending a subsequent dispute notice to the CRA defendants disputing the same account information.  *Id.*  The court rejected Plaintiff's attempt: "This additional report cannot restart the limitations clock.  To do so would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency."  *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

proposition that each dispute letter to the CRA restarted the statute of limitations.  The *Hancock* court found that plaintiffs' reliance was mistaken and held:

> While *Hyde* does discuss a situation in which the statute of limitations can be restarted, that situation does not pertain here.  In *Hyde*, credit agencies reissued erroneous reports.  *Hyde* stands for the proposition that the statute of limitations begins to run with each **reissuance** . . .   The Hancock's subsequent dispute letters regarding the same erroneous information do not restart of the statute of limitations clock.  A perpetual statute of limitations not intended by the FCRA would be the result if the Court adopted the Hancock's argument.  The Hancocks knew of the errors on their credit report more than two years before they filed suit.  As a result, their claim is barred by the statute of limitations set forth in § 1681 p.

*Hancock*, No. 07-15118, 2008 WL 2246042 *2 (emph. added).

Here, both Plaintiff's Complaint and Opposition are predicated on the alleged dispute letters that Plaintiff submitted to the CRAs—not the reissuance of credit reports.[2]  As such, Plaintiff's reliance on *Hyde* is misplaced and her action remains time barred because she continues to concede that she first discovered this action in July 2014.  *See* Compl. ¶¶ 14-15, 17; Opp.'n. at 2.  The FCRA requires that a plaintiff plead violations of the statute within two years of the date of the discovery, or within five years of the date "on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.  As such, any action should have been brought by July 2016.  To hold otherwise, would allow Plaintiff to end run and circumvent the statute of limitations and "would allow plaintiffs to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency."  *Bittick*, 419 F. Supp. 2d at 919.

---

[2] Plaintiff's own exhibits, improperly attached to the Opposition, confirm that the Complaint is predicated on the alleged dispute letters that Plaintiff submitted to the CRAs and that her claim is time-barred on its face.  *See* Reply, Section C, *infra* citing Plaintiff's Opposition, Exhs. M (April 5, 2016 Correspondence from Advanta Credit Cards) and N (March 29, 2016 Automated Universal Dataform).

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    For this reason alone, Plaintiff's entire action against Defendants fails and

2  Defendants' Motion to Dismiss should be granted with prejudice.  See *Hancock v.*

3  *Charter One Mortgage et al.*, No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30,

4  2008) (dismissing FCRA claim as time-barred where the first dispute letter was sent

5  three years before the plaintiff brought suit); *see also Bittick v. Experian Information*

6  *Solutions, Inc. et al.*, 419 F. Supp.2d 917 (2006) (dismissing FCRA claim where the

7  plaintiff first disputed account four years before filing suit); *Hatten v. Experian Info.*

8  *Sols., Inc.*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013)

9  (rejecting the view that each submitted complaint tolls the statute of limitations

10  because this would allow plaintiffs to "extend the statute of limitations indefinitely

11  simply by filing subsequent complaints as the two year period nears its end.").

12  **B.    Plaintiff's Opposition Fails Show That Defendants' Investigation Was**

13  **Unreasonable**

14    Plaintiff's Opposition also fails to demonstrate that Defendants' investigation

15  was unreasonable under the statute.  *See* Opp.'n. at 5-8.  Plaintiff's Opposition now

16  includes new allegations that were never plead in the Complaint, including a

17  declaration and exhibits that fall outside the four corners of the Complaint.

18  Specifically, in the Opposition, Plaintiff contends that Defendants' investigation was

19  unreasonable because they verified the account, failed to convey results to the CRAs,

20  and failed to indicate the identity of the furnisher on her credit reports.  Opp.'n. at 6,

21  8-9.  But these allegations are missing from the Complaint and Plaintiff cannot use the

22  Opposition to add new allegations against Defendants.   *See generally* Compl; *see also*

23  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir.1998) ("In

24  determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond

25  the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a

26  defendant's motion to dismiss."); *Clark v. Beard*, 2015 WL 4452470, at *4 n. 7

27  (N.D.Cal. July 20, 2015) (Baird, J.) ("Plaintiff cannot raise new claims that were not

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

previously raised in his amended complaint."); *Minor v. Fedex Office & Print Services, Inc*., 182 F.Supp.3d 966, 977 (N.D. Cal. April 25, 2016) (Koh, J.) ("Plaintiff may not use his opposition to raise and argue new allegations or claims not in the complaint.").

Regardless, Plaintiff's new allegations have no merit.  The investigation required of a furnisher pursuant to Section 1681s-2(b) of the FCRA is simply a "reasonable" and "non-cursory" one.  *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009).  The scope of the furnisher's investigation is framed by the specific dispute information received from the CRA, which must include "all relevant information regarding the dispute that the [CRA] has received from the consumer."  15 U.S.C. § 1681i(a)(2)(A).  "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute."  *Gorman*, 584 F.3d at 1157.  Here, Plaintiff's Complaint does not allege what information was provided to the CRAs in relation to her alleged disputes.  Because Plaintiff does not provide any basic facts regarding what information, if any, she provided to the CRAs regarding her dispute, Plaintiff fails to allege that Defendants conducted an unreasonable investigation of Plaintiff's dispute.

**C.    Plaintiff's Declaration and Exhibits Attached to the Opposition Cannot be Considered and, Regardless, Are Meritless**

Plaintiff's declaration and exhibits attached to the Opposition (the "Exhibits") are considered material outside the pleadings and should not and cannot be considered on a Rule 12(b)(6) motion.  *See Paulsen v. CNF, Inc.*, 391 F. Supp. 2d 804 (N.D. Cal. 2005) (On a motion to dismiss, "the court cannot consider material outside the complaint (e.g. facts presented in briefs, affidavits or discovery materials)") (*citing* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:211 (2004) (citing *Arpin v. Santa Clara Valley Transp.*

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

*Agency*, 261 F.3d 912, 925 (9th Cir.2001)); *see also Branch v. Tunnell,* 14 F. 3d 449, 453 (9th Cir. 1994) (excluding material outside the pleadings for consideration on a Rule 12(b)(6) motion to dismiss).

Regardless, even if the Court were to consider the Exhibits, which it should not, Plaintiff's case still has no merit.  First, Plaintiff's own Exhibits confirm that, as of March 29, 2016, CardWorks Servicing submitted an Automated Universal Dataform notifying all three consumer reporting agencies ("CRA") to delete the tradeline on the underlying account.  *See* Plaintiff's Opposition ("Opp."), Exhs. M (April 5, 2016 Correspondence from Advanta Credit Cards) and N (March 29, 2016 Automated Universal Dataform).  As highlighted in Defendant's Motion to Dismiss, to state a claim under Section 1681s-2(b) claim, Plaintiff must provide allegations pertaining to the furnisher's ***failure to conduct a reasonable investigation*** in response to a notice of dispute from the credit bureau.  *See e.g. In re Residential Capital, LLC*, 501 B.R. 624 (Bankr. S.D. N.Y. 2013) (borrower failed to state claim against loan servicer under Section 1681s-2(b) because report submitted by borrower expressly stated that account information had been disputed and was subsequently verified and updated); *Levine v. JPMorgan Chase & Co*., 46 F. Supp. 3d 871 (E.D. Wis. 2014) (credit furnisher's investigation of account information disputed by consumer was reasonable under Section 1681s-2(b) in light of what furnisher learned about nature of dispute from agency's notice of dispute and furnisher confirmed information was reported accurately after reasonable investigation).

Otherwise, the claim is simply an inaccurate reporting claim under Section 1681s-2(a) which does not provide a private right of action.  *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002).  As discussed, under *Gorman*, a plaintiff may bring a private cause of action against a furnisher where the furnisher conducts an investigation under 181s-2(b), identifies inaccurate information and still fails to correct the information.  F.3d at 1163-64.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    Here, Plaintiff does not deny – and her own Exhibits confirm – that not only did

2  Defendants investigate her dispute, but they found in her favor and *requested* deletion

3  of the underlying tradeline.  *See* Exhs. M and N.  As Plaintiff cannot demonstrate

4  Defendants' failure to investigate, or that Defendants identified any inaccurate or

5  misleading reporting that they then refused to correct, Plaintiff's FCRA claim is based

6  solely on alleged inaccurate reporting under Section 1681s-2(a), which does not

7  provide for a private right of action.  *See Nelson v. Chase Manhattan Mortgage*

8  *Corp.*, 282 F.3d 1057 , at 1060.  Plaintiff simply cannot cite to legal authority that

9  holds creditors responsible for the CRAs failure to delete the tradeline after the

10  request for tradeline deletion has been submitted.  Accordingly, Defendants' Motion

11  must be granted.

12    In addition, Plaintiff judicially admits by way of her own Exhibits that she

13  disputed the credit reporting as early as July 2014 and was therefore on notice of any

14  alleged claims against Defendants, but did not file this action until *over two years* later

15  in November 2016.  *See* Opp., Exhs. A (July 19, 2014 Correspondence from Plaintiff

16  to TransUnion Consumer Relations) and B (July 21, 2014 Correspondence from

17  Plaintiff to Equifax Information Services, LLC).  Accordingly, as discussed in the

18  Motion to Dismiss and *supra*, Plaintiff's claims are clearly time-barred.

19  **D.**   **Plaintiff's Opposition Confirms That Plaintiff Fails to Differentiate**

20       **Between the Defendants**

21    Furthermore, Plaintiff's Opposition confirms that Plaintiff fails to differentiate

22  between the Defendants.  Opp.'n. at 9.  A court should dismiss a complaint where the

23  complaint contains undifferentiated pleading against multiple defendants because such

24  a complaint fails to put each defendant on fair notice of its alleged wrongdoing as

25  required by the Federal Rules of Civil Procedure.  *See Corazon v. Aurora Loan*

26  *Services , LLC*, No. 11-00542, 2011 WL 1740099, *4 (N.D. Cal. May 5, 2011)

27  (granting motion to dismiss because plaintiff failed to differentiate between each

28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6)

defendant, thus failing to place each defendant on fair notice of its alleged

misconduct); *In re Sagent Tech., Inc.*, 278 F.Supp. 2d 1079, 1094 (N.D. Cal. 2003)

(holding, "The Complaint fails to state a claim because plaintiffs do not indicate

which individual defendant or defendants were responsible for which alleged

wrongful act"); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988)

(lumping together multiple defendants in one broad allegation fails to satisfy notice

requirement of FRCP Rule 8(a)(2)); *Gomez v. Wells Fargo Home Mortgage*, No. C

11-01725, 2011 WL 5834949 *4 (N.D. Cal. Nov. 21, 2011) (granting motion to

dismiss because plaintiff grouped the defendants together and thus did not adequately

notify each defendant as to what it supposedly did wrong); *Marin v. Eidgahy*, No. 10

CV 1906 MMA (RBB), 2011 WL 2446384 *4 (S.D. Cal. June 17, 2011) ("Plaintiff's

vague allegations that repeatedly group all Defendants together under each claim for

relief are not sufficient.").

　　　　Here, contrary to what Plaintiff's Opposition states [Opp.'n. at 9-10], Plaintiff's

Complaint lumps all of the defendants together without differentiating between them.

Plaintiff repeatedly refers to the undifferentiated "defendants" without specifying

which defendant was allegedly responsible for each act alleged in the Complaint.  *See*

*e.g.* Comp. ¶ 24 (Count 1) ("Defendants' failed to conduct a reasonable investigation

after Plaintiff disputed the tradelines with Equifax and Experian, and *willfully*

continued reporting these inaccurate trade lines, constituting a violation of the Fair

Credit Reporting Act (FCRA) *15 U.S.C. 1681s-2(b).*") (emph. in original); Comp. ¶

28 (Count 2) ("Defendants failed to convey to each credit reporting agency an

accurate, clear and complete report of their findings following the July 2014

investigation involving the Transunion tradeline."); Comp. ¶ 33 (Count 3)

("Defendants reported on Plaintiff's Equifax and Experian credit reports as 'Advanta

Bank' and 'Advanta Credit Cards' from 2014 thru March 2016 despite the fact that

Advanta (in every form) closed its doors in 2010.").   Because the Complaint fails to

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   put Defendants on notice of their alleged respective wrongful conduct, Plaintiff's

2   entire Complaint fails and should be dismissed.

### III.   CONCLUSION

4         Plaintiff is unable to correct the fatal pleading deficiencies identified in her

5   action against Defendants, and she has further demonstrated that any amendment

6   would be futile.  Based on the foregoing, Defendants respectfully requests that this

7   Court grant the Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

8         DATED:  January 13, 2017

9                           REED SMITH LLP

10                     By: */s/ Raffi Kassabian*

                              Raffi Kassabian
                              Attorneys for Defendants
                              CardWorks, Inc. and CardWorks Servicing,
                              LLC, for itself and as appointed successor
                              servicer for Advanta Bank Corp.
                              (erroneously sued as "Advanta Bank";
                              "Advanta Credit Cards"; and "Advanta
                              Bank/Cardworks")

REED SMITH LLP
A limited liability partnership formed in the State of Delaware