1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

TERRACE ELLIS,

        Plaintiff,

    v.

ADVANTA BANK, et al.,

        Defendants.

Case No.  16-cv-06437-BLF

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**

[Re:  ECF 15]

      Plaintiff Terrace Ellis, proceeding pro se, brings this suit against Defendants Advanta, Advanta Bank, Advanta Business Service, Advanta Credit Cards, Advanta Bank/CardWorks, CardWorks Inc., and CardWorks Servicing, LLC (collectively, "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.  See generally* First Am. Compl. ("FAC"), ECF 9.  Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  Mot., ECF 15.  The Court heard argument on Defendants' motion on April 20, 2017.  For the reasons stated herein and on the record, the Court GRANTS Defendants' motion WITH LEAVE TO AMEND.

## I.  BACKGROUND

      Ellis's dispute concerns one credit account or tradeline that she contends appeared inaccurately on credit reports compiled by Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion").  Specifically, Ellis alleges that in July 2014, she noticed that Defendants reported an account on her TransUnion and Equifax credit reports that never belonged to her.  FAC ¶¶ 13–14.  Ellis

subsequently disputed the inaccurate tradeline with Equifax and TransUnion. *Id.* ¶ 14. Ellis alleges that after conducting an investigation, Defendants withdrew the inaccurate information from their report to TransUnion, but did not remove the inaccurate information from the Equifax credit report. *Id.* ¶ 15. Ellis alleges that in March 2016 she discovered that Defendants did not conduct a reasonable investigation following the July 2014 TransUnion dispute, and they did not report the results of the TransUnion investigation to Equifax. *Id.* ¶ 16.

Plaintiff sent a second dispute to Equifax and an initial dispute to Experian in November 2014. *Id.* ¶ 17. She contends that Defendants nevertheless continued reporting inaccurate tradelines on these credit reports through March 2016. *Id.* Ellis alleges that in March 2016 she discovered that Defendants failed to report the results of the investigation to Experian. *Id.* ¶ 18.

Plaintiff also alleges that in addition to the aforementioned inaccuracies, the furnishing entity information regarding this tradeline varied from report to report. *Id.* ¶ 19.

Ellis filed this action on November 3, 2016, asserting violations of the FCRA against Defendants. Compl., ECF 1. She amended her complaint in December 2016. *See generally* FAC. Defendants now move to dismiss the FAC.

## II.     LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

United States District Court
Northern District of California

2

1  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the

2  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.     DISCUSSION

4          The FAC contains three claims under the FCRA.  First, Ellis claims that Defendants failed

5  to conduct a reasonable investigation after she disputed the tradeline with Equifax and Experian,

6  and willfully continued to report the erroneous tradeline.  FAC ¶¶ 23–26.  Second, she alleges that

7  Defendants failed to convey to each credit-reporting agency ("CRA") an accurate, clear, and

8  complete report of its investigation.  *Id.* ¶¶ 27–31.  Third, Ellis avers that Defendants failed to note

9  the true source furnishing the alleged inaccurate information on her credit report.  *Id.* ¶¶ 32–35.

10  Defendants seek to dismiss the complaint on four separate grounds.  First, Defendants contend that

11  the FCRA claims are barred by the statute of limitations.  Second, Defendants argue that there is

12  no private right of action under section 1681s-2(a).  Third, Defendants assert that Plaintiff does not

13  allege any facts supporting the contention that their investigation was unreasonable.  Finally,

14  Defendants claim that Plaintiff's complaint is inadequate because she fails to differentiate between

15  the Defendants.  *See generally* Mot.  The Court first addresses Defendants' second and fourth

16  arguments and will then address Defendants' remaining contentions.

17          First, in her opposition, Ellis argues that she does not assert any claims under section

18  1681s-2(a).  Opp'n 4, ECF 18.  Instead, she contends that all of her allegations are actionable

19  under section 1681s-2(b).  *Id.*  Defendants do not contest this, and in fact, conceded it at the

20  hearing.  Accordingly, the Court DENIES Defendants' motion to dismiss on this ground.

21          Second, the Court agrees that Plaintiff fails to differentiate between the Defendants, as

22  required by Federal Rule of Civil Procedure 8(a)(2).  *See* Mot. 7; *Gomez v. Wells Fargo Home*

23  *Mortg.*, No. C 11-1725, 2011 WL 5834949, at*4 (N.D. Cal. Nov. 21, 2011) ("Under Rule 8(a),

24  grouping multiple defendants together in a broad allegation is insufficient to provide those

25  defendants with fair notice of the claims against them and the grounds for relief.").  The Court will

26  thus GRANT Defendants' motion to dismiss on this ground, but will afford Plaintiff an

27

28

United States District Court
Northern District of California

1    opportunity to amend.[1]

2         Finally, Defendants seek to dismiss the complaint on the ground that Ellis's claims are

3    untimely.  Mot. 3–5.  Section 1681p(1) of the FCRA "sets the statute of limitations at '2 years

4    after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the

5    basis for such liability.'"  *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012)

6    (citing 15 U.S.C. § 1681p; *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010) (constructive

7    discovery is generally read into discovery statutes) (alterations in original)).

8         Relying on several out of circuit cases, Defendants contend that the limitations period

9    began to run in July 2014, when Ellis first received notice of the alleged violations.  Mot. 4–5.  In

10   opposition, Ellis first argues, relying on the Fifth Circuit's decision in *Hyde v. Hibernia Nat'l*

11   *Bank in Jefferson Parish*, 861 F.2d 446, 450 (5th Cir. 1988), that each issuance of a credit report

12   constitutes a "separate and distinct tort to which a separate statute of limitations applies," and thus,

13   because the misreporting continued through at least March 2016, her claims are timely.  Opp'n 4–

14   5 (citing and quoting *Hyde*, 861 F.3d at 450).  Alternatively, Ellis relies on the Ninth Circuit's

15   decision in *Drew v. Equifax Information Services*—in which the Ninth Circuit held that the statute

16   of limitations does not begin to accrue until the plaintiff discovers that the furnisher's

17   investigation was unreasonable—to contend that the limitations period did not begin to accrue

18   until November 2014.[2]  *See* Opp'n 5; *Drew*, 690 F.3d at 1110–11.  Defendants do not address

19   Ellis's latter argument in their reply.  *See generally* Reply ISO Mot, ECF 23.

20        As a preliminary matter, the Court finds Ellis's reliance on *Hyde* misplaced.  First, *Hyde*

21   applies the pre-amendment version of section 1681p.  *Bittick v. Experian Info. Sols. Inc.*, 419 F.

22   Supp. 2d 917, 918-19 (N.D. Tex. 2006).  Second, at least two courts have rejected the *Hyde* theory

23   of liability on the grounds that such a rule would create a perpetual statute of limitations.  *Id.*;

24   *Hancock v. Charter One Mortg.*, No. 07-15118, 2008 WL 2246042, at *2 (E.D. Mich. May 30,

---

[1] For this reason, the Court declines to address Defendants' third argument that Plaintiff does not allege facts supporting the contention that their investigation was unreasonable.  Nonetheless, the Court advises Plaintiff to review the arguments in Defendants' motion and address them to the extent they are meritorious.

[2] In which case, Ellis argues that only the Equifax dispute would fall outside of the limitations period.  Opp'n 5.

United States District Court
Northern District of California

2008).  Moreover, this case is most analogous to *Hancock*, in which the court rejected *Hyde*. Accordingly, the Court concludes that each issuance of a credit report does not constitute a separate and distinct tort.  Instead, a cause of action under the FCRA begins to accrue once the consumer discovers that the furnisher's investigation was unreasonable.  *See Drew*, 690 F.3d at 1110–11.

The Court next addresses whether Ellis's claim accrued in July 2014 when she first received notice of the alleged violation (as advocated by Defendants), in November 2014 (as alternatively argued by Ellis), or some other date.  *See* Mot. 4; Opp'n 5.  The evidence that Ellis attached to her opposition suggests that Ellis first had notice that Defendants continued to report the alleged inaccuracy as early as August 14, 2014.  Ex. D to Opp'n, ECF 19.[3]  For this reason, the Court finds that Plaintiff's claim could not have accrued in July 2014 because at that time Plaintiff was not on notice of Defendants' alleged unreasonable investigation.  *See Drew*, 690 F.3d at 1110–11.  Ellis only became aware of her potential claim when Defendants responded to the notice of inaccurate information on August 14, 2014.  *See* Ex. D to Opp'n.  At the earliest, then, Ellis's claim accrued on that date.  *See Drew*, 690 F.3d at 1110–11.  At the hearing, Ellis argued that although she did receive this correspondence dated August 14, 2014, she did not discover it until March 2016.  Accordingly, because it appears that this suit is untimely, the Court will GRANT Defendant's motion to dismiss on this ground.  Nevertheless, the Court will allow Ellis an opportunity to amend her complaint to allege why, with reasonable diligence, she could not have discovered this violation in August 2014.

## IV.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.  Plaintiff shall file any amended complaint **on or**

---

[3] Defendants' object to the evidence Ellis attaches to her opposition as material outside of the pleadings that should not and cannot be considered on a Rule 12(b)(6) motion.  *See* Reply ISO Mot. 5.  Because the Court construes these documents as incorporated by reference into the complaint, the Court OVERRULES Defendants' objection.  *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (the "incorporation by reference" doctrine permits a Court to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading").

United States District Court
Northern District of California

**before May 15, 2017**.  Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this order will result in a dismissal of Plaintiff's claims with prejudice.

Dated:  April 24, 2017

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6