Abraham J. Colman (SBN 146933)
Email: acolman@reedsmith.com
Raffi Kassabian (SBN 260358)
Email: rkassabian@reedsmith.com
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Le T. Duong
Email:  lduong@reedsmith.com
REED SMITH LLP
101 Second Street
Suite 1800
San Francisco, CA  94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/CardWorks")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>         Plaintiff,<br><br>   vs.<br><br>ADVANTA BANK, ADVANTA CREDIT CARDS, ADVANTA BANK/CARDWORKS, CARDWORKS INC., CARDWORKS SERVICING, LLC, and DOES 1-20<br><br>         Defendants. | Case No. 5:16-cv-06437-BLF<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         November 2, 2017<br>Time:         9:00 a.m.<br>Place:        Courtroom 3 - 5th Floor<br>Compl. Filed: November 3, 2016<br>FAC Filed:    December 1, 2016<br>SAC Filed:    May 16, 2017<br><br>Judge Beth Labson Freeman<br><br>[Concurrently filed with *[Proposed] Order*] |

**TO PLAINTIFF IN *PRO SE*:**

PLEASE TAKE NOTICE that on November 2, 2017, at 9:00 a.m., in Courtroom 3 – 5th Floor, in the above-entitled Court located at 280 South 1st Street, 5th Floor, San Jose, CA 95113, Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/CardWorks") (collectively, "Defendants") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing the Second Amended Complaint of Plaintiff Terrace Ellis ("Plaintiff"), and each claim for relief alleged therein against Defendants, on the ground that the Second Amended Complaint fails to state any claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, court records and files, and upon such other matters that the Court may consider at the hearing on the Motion.

DATED: June 13, 2017               REED SMITH LLP

By: */s/ Le T. Duong*
    Abraham J. Colman
    Raffi Kassabian
    Le T. Duong
    Attorneys for Defendants
    CardWorks, Inc., CardWorks Servicing,
    LLC, for itself and as appointed successor
    servicer for Advanta Bank Corp.
    (erroneously sued as "Advanta Bank";
    "Advanta Credit Cards"; and "Advanta
    Bank/CardWorks")

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. STATEMENT OF FACTS ........................................................................................ 2

III. LEGAL STANDARD ................................................................................................ 3

IV. LEGAL ARGUMENT ............................................................................................... 4

    A. Plaintiff's FCRA Claims Remain Time Barred By The Statute Of Limitations. ................................................................................................ 4

    B. Counts One, Two, and Six of the SAC Fails Because Plaintiff Does Not Allege Any Facts That Defendants' Investigation Was Unreasonable ................................................................................................ 8

    C. Counts Three Through Five of the SAC Fail Because Defendants Were Merely Required to Investigate and Report to the Credit Reporting Agencies If Inaccurate Information Had Previously Been Reported and Plaintiff Fails to Show Any Damages Regarding the Alleged Source of Reporting .............................. 9

V. CONCLUSION ....................................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................................................3

*Bagramyan v. Bank of America N.A.*,
    C. D. Cal. Case Number 2:12-cv-00720-DMG-RZ ..........................................................9

*Balistreri v. Pacifica Police Dep't.*,
    901 F.2d 696 (9th Cir. 1988) .............................................................................................3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................................3

*Bittick v. Experian Information Solutions, Inc. et al.*,
    419 F. Supp.2d 917 (2006) ................................................................................................4

*Chiang v. Verizon New England, Inc.*,
    595 F.3d 26 (1st Cir. 2010)............................................................................................4, 9

*Czajkowski v. Haskell & White, LLP*,
    208 Cal. App. 4th, 177-78 (2012)..................................................................................5, 7

*Drew v. Equifax Info. Servs., LLC*,
    690 F.3d 1100 (9th Cir. 2012) .......................................................................................4, 6

*Ellis v. CardWorks, Inc., et al.*,
    Case No. 5:14-cv-02607-BLF (*Freeman, J.*) ................................................................2, 7

*Epstein v. Wash. Energy Co.*,
    83 F.3d 1136 (9th Cir. 1996) .............................................................................................3

*Gorman v. Wolpoff & Abramson LLP*,
    584 F.3d 1147 (9th Cir. 2009) ...........................................................................................8

*Grigoryan v. Experian Information Solutions, Inc.*,
    84 F. Supp. 3d 1044 (2014) ...........................................................................................5, 7

*Hancock v. Charter One Mortgage et al.*,
    No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30, 2008).........................................4

*Hatten v. Experian Info. Sols., Inc.*,
    No. 12-12236, 2013 WL 5179190 (E.D. Mich. Sept. 12, 2013).....................................5, 7

*Merck & Co., Inc. v. Reynolds*,
    559 U.S. 633, 130 S.Ct. 1784 (2010) ............................................................................4, 6

*Nelson v. Chase Manhattan Mortgage Corp.*,
    282 F.3d 1057 (9th Cir. 2002) .......................................................................................4, 9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Nelson v. Equifax Information Services, LLC*,
  522 F.Supp.2d 1222 (2007) .................................................................................................. 9

*Norgart v. The Upjohn Co.*,
  21 Cal. 4th 383 (1999) ................................................................................................... 5, 7

*Sanchez v. S. Hoover Hosp.*,
  18 Cal. 3d 93 (1976) ......................................................................................................... 5

**Statutes**

15 U.S.C. § 1681i(a)(2)(A) .................................................................................................... 8

15 U.S.C. § 1681p ................................................................................................................. 4

15 U.S.C. § 1681s-2(b) ........................................................................................... 4, 8, 9, 10

15 U.S.C. § 1681s-2(b)(1) ..................................................................................................... 4

**Rules**

Fed. R. Civ. P. 8 .................................................................................................................... 3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## I. INTRODUCTION

Plaintiff Terrace Ellis' ("Plaintiff") Second Amended Complaint ("SAC") is essentially a carbon copy of her prior complaint. Plaintiff alleges that Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/CardWorks") (collectively, "Defendants") violated the Fair Credit Reporting Act ("FCRA") by failing to properly investigate her dispute. This Court previously found the claims barred by the two year statute of limitations because Plaintiff had notice of the actionable claims since August 2014 and did not file suit until November 2016. *See* Dkt. 36 at 5.

Plaintiff now adds allegations that she was on a trip when she received the August 2014 Equifax credit report, and, therefore, did not discover it until November 2014. Case law is clear, however, that this personal reason is insufficient to make her claims timely—particularly when she concedes she had submitted a dispute and was expecting a response.

Simply put, Plaintiff's SAC fails to cure the fatal pleading defect this Court previously found—that her claims under the FCRA against Defendants are barred by the two year statute of limitations. Specifically, this Court previously found that, at the earliest, Plaintiff had notice of the alleged inaccurate reporting by Defendants in August 2014, but did not file this action until over two years later on November 2016. *See* Dkt. 36 at 5. Despite gratuitously being given an opportunity to amend her complaint to "allege why, with reasonable diligence, [Plaintiff] could not have discovered this violation in August 2014," [*id*.] Plaintiff merely claims that she was on an extended trip and that her friend was retrieving her mail for her. SAC ¶ 22. This, however, fails as Plaintiff cannot deny that she had constructive notice of the August 2014 report after she submitted a dispute in July 2014. Moreover, Plaintiff's prior action against CardWorks was filed on June 6, 2014 and was in active litigation

– 1 –

during the time Plaintiff was allegedly out of town for personal reasons. *See* Docket for *Ellis v. CardWorks, Inc., et al.*, Case No. 5:14-cv-02607-BLF (*Freeman, J.*). Accordingly, Plaintiff's SAC is time-barred.

Additionally, Plaintiff's SAC fails for the independent reason that she does not allege any facts that Defendants' investigation was unreasonable under the FCRA. Plaintiff's new allegations regarding direct communications with Defendants do not trigger the duty to investigate. Plaintiff has demonstrated that no amendment can cure her fatal pleading defects. For these reasons, Defendants respectfully request that their Motion to Dismiss be granted with *prejudice*.

## II. STATEMENT OF FACTS

Plaintiff alleges that in July 2014, she noticed the underlying credit card account ("Account") tradeline being reported on her TransUnion and Equifax credit reports and submitted a dispute to Transunion and Equifax. SAC ¶ 18. Plaintiff alleges that TransUnion deleted the Account tradeline on August 15, 2014 pursuant to CardWorks' request after the investigation. *Id.* at ¶ 20. Equifax, however, did not send Plaintiff a response following the July 2014 dispute. *Id.* at ¶ 21.

Plaintiff alleges that "[f]rom early August through early November, she was away from home on unexpected travel between Los Angeles and the East Coast to care for her father who was ill at that time, and to attend to other personal matters. During that time, she had a friend collecting her mail." SAC ¶ 22. When Plaintiff returned home, she "discovered that Equifax had sent the August 2014 report." *Id.* at ¶ 23. As Plaintiff did not return home until November 2014, Plaintiff alleges that "that is the earliest date Plaintiff knew or should have known of [CardWorks'] violation." *Id.* at ¶ 24.

Based on these allegations, Plaintiff contends that CardWorks "did not conduct a reasonable investigation of Plaintiff's July 2014 Equifax dispute." *Id.* ¶ 26.

Plaintiff's action, however, remains time-barred because Plaintiff fails to show

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

why she was unable to discover the August 2014 report at that time with reasonable diligence. Moreover, Plaintiff still has not, and cannot, allege that CardWorks has any control over how the credit reporting bureaus reported the tradeline once Defendants submitted the information.

## III. LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint to determine whether there is a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir. 1988). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8. The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of her 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

## IV. LEGAL ARGUMENT

### A. Plaintiff's FCRA Claims Remain Time Barred By The Statute Of Limitations.

Plaintiff's SAC fails to cure the fatal pleading defect because it does not show why Plaintiff did not discover, with reasonable diligence, the Equifax report in August 2014.

Section 1681s-2(b) of the FCRA imposes a duty of investigation on credit furnishers, but only after they have been notified by a credit bureau that the consumer disputes the accuracy of the credit information furnished. 15 U.S.C. § 1681s-2(b)(1); *Nelson.,* 282 F.2d 1060; *see also Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 35 (1st Cir. 2010) (notice of disputed information provided directly from consumer to a furnisher does not trigger a furnisher's duties under Section 1681s-2(b)). Specifically, the furnisher has a duty to conduct an investigation with respect to the disputed information, to review the information provided by the credit bureau, and to report findings to the bureau. 15 U.S.C. § 1681s-2(b). If the investigation reveals that the information is incomplete, inaccurate, or unverifiable, the furnisher must modify, delete, or permanently block the reporting of that item of information. *Id.*

Section 1681p(1) of the FCRA sets the statute of limitations at "2 years after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the basis for such liability." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012); *see also* 15 U.S.C. § 1681p; *Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 130 S.Ct. 1784, 1794 (2010) (constructive discovery generally read into discovery statutes); *see also Hancock v. Charter One Mortgage et al.*, No. 07-15118, 2008 WL 2246042 (E.D. Mich. May 30, 2008) (dismissing FCRA claim as time-barred where the first dispute letter was sent three years before the plaintiff brought suit); *Bittick v. Experian Information Solutions, Inc. et al.*, 419 F. Supp.2d 917 (2006) (dismissing FCRA claim where the plaintiff first disputed account four years before

filing suit); *Hatten v. Experian Info. Sols., Inc.*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013) (rejecting the view that each submitted complaint tolls the statute of limitations because this would allow plaintiffs to "extend the statute of limitations indefinitely simply by filing subsequent complaints as the two year period nears its end.").

Additionally, the discovery rule delays the accrual of a claim until "plaintiff discovers, or has reason to discover, the cause of action, until, that is, he at least suspects, or has reason to suspect, a factual basis for its elements." *Norgart v. The Upjohn Co.*, 21 Cal. 4th 383, 389 (1999). A plaintiff has reason to discover a cause of action when she "has reason at least to suspect a factual basis for its elements." *Id.* at 398. "Possession of 'presumptive' as well as 'actual' knowledge will commence the running of the statute." *Sanchez v. S. Hoover Hosp.,* 18 Cal. 3d 93, 101 (1976). "[W]hen the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his investigation…the statute commences to run." *Id.* Inquiry notice does not require one to know the "specific facts necessary to establish the cause of action; rather, he may seek to learn such facts through the process contemplated by pretrial discovery." *Norgart*, 21 Cal. 4th at 398.

The burden is on the plaintiff to "show diligence" and to conduct reasonable investigation after being put on inquiry notice. *Id.* She "cannot wait for" the facts to find her. *Id.* She "must go find" them herself if she can. *Id*; *see also Grigoryan v. Experian Information Solutions, Inc.*, 84 F. Supp. 3d 1044 (2014) (finding that plaintiff's FCRA claims were time barred because he had the facts necessary to discover that defendants failed to conduct a reasonable violation but waited more than two years before filing suit); *see also e.g.*, *Czajkowski v. Haskell & White, LLP*, 208 Cal. App. 4th, 177-78 (2012) (holding that the burden is on the plaintiffs to establish, not only the late discovery, but also their inability to discover the relevant facts earlier).

Here, the Court previously found that Ellis' claim accrued on August 14, 2014,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FRCP 12(b)(6)

and, therefore, was barred by the applicable two year statute of limitations.  *See* Dkt. 36 at 5.  The Court granted Defendants' Motion to Dismiss on this ground, but stated that it would "allow Ellis an opportunity to amend her complaint to allege why, with reasonable diligence, she could not have discovered this violation in August 2014."[1] *See* Dkt. 36 at 5.

Plaintiff has failed to amend her complaint to show why she could not discover the Equifax report in August 2014 with reasonable diligence.  She attempts to excuse herself by alleging that she was traveling for personal reasons from August through early November and had her friend check her mail.  SAC ¶¶ 22, 23.  Due to this, Plaintiff contends that she did not get the report until she returned home in November 2014.  SAC ¶ 24.

Plaintiff's personal reasons, however, do not demonstrate that she was unable to discover the Equifax report in August 2014.  Plaintiff does not dispute that the report was mailed to her address in August 2014.  *See also* Dkt. 19, Exh. D.  She only contends that because of her personal reasons, she was not at home to receive it until November 2014.  SAC ¶ 22.  This is insufficient to invoke the delayed discovery rule as Plaintiff was on constructive notice.  *Drew*, 690 F.3d at 1109 (statute of limitations for FCRA claim is "2 years after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the basis for such liability"); *Merck*, 559 U.S. at 633, 634 (the term "discovery" includes the facts the plaintiff actually knew and those facts a reasonably diligent plaintiff would have known).

Plaintiff cannot meet her burden under the discovery rule to overcome the statute of limitations.  Here, Plaintiff alleges that she disputed the Account to Equifax and TransUnion in July 2014.  SAC ¶ 19.  She additionally alleges that following a dispute, a furnisher has 30 days to complete an investigation and report to the credit

---

[1] At the hearing, Plaintiff argued that although she did receive this correspondence dated August 14, 2014, she did not discover it until March 2016.  *See* Dkt. at 5.  Now, in the Second Amended Complaint, Plaintiff alleges that she discovered the Equifax report in November 2014.  *See* SAC ¶ 24.

reporting agency.  *Id*. at ¶ 12.  By submitting a dispute in July 2014, Plaintiff anticipated a response to her dispute by Equifax in August 2014.  *See Norgart*, 21 Cal. 4th at 398.  Plaintiff concedes she had a friend retrieve her mail while she was gone from August 2014 through November 2014.  *Id*. ¶ 22.  Plaintiff could have and should have inquired of her friend as to whether a dispute response from Equifax was received, but failed to do so.  Moreover, Plaintiff's prior action against CardWorks was filed on June 6, 2014 and was in active litigation during the time Plaintiff was allegedly out of town for personal reasons.  *See* Docket for *Ellis v. CardWorks, Inc., et al.*, Case No. 5:14-cv-02607-BLF (Freeman, J.).  Particularly, Plaintiff collaborated with Defendants to draft and a joint case management statement prior to its filing on November 6, 2014.  *See id.* at Dkt. 20.

Simply put, Plaintiff had the facts necessary to discover the alleged violations but did not take any action.  *See Grigoryan*., 84 F.Supp.3d at 1044  (plaintiff's FCRA claims were time barred because he had the facts necessary to discover that defendants failed to conduct a reasonable violation but waited more than two years before filing suit); *see also e.g.*, *Czajkowski*,  208 Cal. App. 4th at 177-78 (burden is on the plaintiffs to establish, not only the late discovery, but also their inability to discover the relevant facts earlier);  *Norgart*, 21 Cal. 4th at 398.  Accordingly, Plaintiff's contention that she discovered the Equifax August 2014 report at a later date fails and her claims remain time barred.

Furthermore, Plaintiff contends that she sent an initial dispute to Experian in November 2014.  SAC ¶  33.  The fact that Plaintiff was on notice of how the Account tradeline was reporting in August 2014, however, also makes this allegation time barred.  *See e.g.*, *Hatten*, No. 12-12236, 2013 WL 5179190, at *4 (E.D. Mich. Sept. 12, 2013) (rejecting the view that each submitted complaint tolls the statute of limitations because this would allow plaintiffs to "extend the statute of limitations indefinitely simply by filing subsequent complaints as the two year period nears its

end."). As such, Plaintiff cannot predicate her action on this dispute.

Accordingly, Plaintiff's entire amended complaint fails to cure her fatal pleading defect and her action remains time-barred.

## B. Counts One, Two, and Six of the SAC Fails Because Plaintiff Does Not Allege Any Facts That Defendants' Investigation Was Unreasonable

In addition to being time-barred, Plaintiff's claims also fail because she does not allege any facts that Defendants' investigation was unreasonable under the statute.

The investigation required of a furnisher pursuant to Section 1681s-2(b) of the FCRA is simply a "reasonable" and "non-cursory" one. *Gorman v. Wolpoff & Abramson LLP*, 584 F.3d 1147, 1157 (9th Cir. 2009). The scope of the furnisher's investigation is framed by the specific dispute information received from the CRA, which must include "all relevant information regarding the dispute that the [CRA] has received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). "The pertinent question is thus whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Gorman*, 584 F.3d at 1157.

Here, Plaintiff does not allege what information was provided to the CRAs in relation to her alleged disputes. Plaintiff has amended her complaint to add allegations that Defendants should have known that Plaintiff disputed the Account because she directly communicated with Defendants. *See* SAC ¶¶ 18, 26, 31.[2] Plaintiff further alleges that CardWorks failed to mark the Equifax tradeline in dispute following "verbal disputes to Defendants in several phone calls" in 2014.[3] SAC ¶ 64. This, however, is insufficient to trigger liability under section 1681s-2(b).

The Ninth Circuit has specifically held that the furnisher's Section 1681s–2(b) duty to investigate is triggered *only* after the consumer notifies the CRA, and the CRA

---

[2] Additionally, Plaintiff previously entered into a settlement with Defendants releasing all claims arising out of the alleged telephone calls.

[3] *See id.*

– 8 –

then notifies the furnisher of credit. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *see also Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222 (2007); *Chiang*, 595 F.3d at 35 (1st Cir. 2010) (notice of disputed information provided directly from consumer to a furnisher does not trigger a furnisher's duties under Section 1681s-2(b)). Accordingly, Plaintiff's new allegations regarding direct communications with Defendants did not trigger any duty on the part of Defendants.

Because Plaintiff does not provide any facts regarding what information, if any, she provided to the CRAs regarding her dispute, Plaintiff fails to allege that Defendants conducted an unreasonable investigation of Plaintiff's dispute. *See Bagramyan v. Bank of America N.A.*, C. D. Cal. Case Number 2:12-cv-00720-DMG-RZ, Document #18 (granting motion to dismiss FCRA claim, holding, "As Plaintiff's allegations currently stand, Defendant's duty to investigate did not extend beyond verifying that Plaintiff in fact had the account at issue. Plaintiff's factual allegations—of which there are few—indicate that Defendant fulfilled this duty").

**C.   Counts Three Through Five of the SAC Fail Because Defendants Were Merely Required to Investigate and Report to the Credit Reporting Agencies If Inaccurate Information Had Previously Been Reported and Plaintiff Fails to Show Any Damages Regarding the Alleged Source of Reporting**

Finally, Plaintiff's counts three through five fail to allege facts sufficient to state any claim against Defendants. In count three, Plaintiff claims that CardWorks failed to convey the results of the TransUnion investigation to Equifax following the July 2014 investigation. *See* SAC ¶ 54. In counts four through five, Plaintiff contends that CardWorks failed to note the true source of furnishing on the Equifax and Experian credit reports. *See* SAC ¶¶ 58, 61. These allegations, however, fail to state any claim under the FCRA.

– 9 –

Plaintiff fails to allege any sufficient facts demonstrating that CardWorks failed to convey the results of the TransUnion investigation to Equifax following the July 2014 investigation. *See* SAC ¶ 54. Section 1681s-2(b) states that if a furnisher "finds that the information is incomplete or inaccurate" it shall "report those results to all other consumer reporting agencies to which the person furnished the information." Here, Defendants' only obligation was to investigate the account and report the results to the consumer reporting agencies if it found that the information was incomplete or inaccurate. *Id.* Plaintiff's somehow implies that because TransUnion properly corrected the tradeline and Equifax did not, that CardWorks is somehow liable for this discrepancy. There are absolutely no alleged facts, however, showing that CardWorks did not submit a proper report to Equifax after its investigation. Indeed, the fact that TransUnion corrected the tradeline after receiving CardWorks' investigation makes *more* it likely that CardWorks sent Equifax the identical investigation result.

Plaintiff's claims in count four and five for failure to note the true source of reporting also fails. Plaintiff contends that CardWorks failed to note the true source that was furnishing the information, and that it varied from "CardWorks/Advanta Bank" to "Advanta Business Services." *See* SAC ¶ 58. This, however, is insufficient to state any claim against Defendants. After Advanta Bank Corp. was closed by the Utah Department of Financial Institutions, the FDIC was appointed receiver, and CardWorks was named successor servicer for certain of the Advanta accounts. *See* SAC ¶ 7. As such, this reporting was entirely proper for an Advanta account. Moreover, Plaintiff cites to no legal authority saying that this constitutes a violation of the FCRA. Lastly, Plaintiff fails to allege how she has been damaged deriving from this reporting.

Based on the foregoing, counts three through five of the SAC fails.

/ / /

/ / /

– 10 –

## V. CONCLUSION

Plaintiff has demonstrated that she cannot cure her fatal pleading defect and the action remains barred by the statute of limitations. Additionally, she still fails to allege that Defendants' investigation was unreasonable. Based on the foregoing, Defendants respectfully requests that this Court grant the Motion to Dismiss and dismiss Plaintiff's SAC *with* prejudice.

DATED: June 13, 2017

REED SMITH LLP

By: */s/ Le T. Duong*
Abraham J. Colman
Raffi Kassabian
Le T. Duong
Attorneys for Defendants
CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as "Advanta Bank"; "Advanta Credit Cards"; and "Advanta Bank/CardWorks")