United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br><br>  Plaintiff,<br><br>  v.<br><br>ADVANTA BANK, et al.,<br><br>  Defendants. | Case No. 16-cv-06437-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT; TERMINATING AS MOOT DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |

Two motions are currently pending before the Court in this case brought under the Fair Credit Reporting Act ("FCRA"). Defendants CardWorks, Inc. and CardWorks Servicing, LLC, for itself and as appointed successor servicer for Advanta Bank Corp. (erroneously sued as Advanta Bank; Advanta Credit Cards; and Advanta Bank/CardWorks) (collectively, "Defendants") have filed a motion to dismiss Plaintiff Terrace Ellis's ("Ellis") Second Amended Complaint ("SAC"). *See* ECF 40. Instead of opposing Defendants' motion to dismiss, Ellis retained counsel and filed a motion for leave to file a Third Amended Complaint ("TAC"). *See* ECF 43.

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for submission without oral argument and hereby VACATES the hearing on these motions set for November 2, 2017. For the reasons set forth below, the Court GRANTS Ellis's motion for leave to file a TAC. Defendants' motion to dismiss the SAC is therefore TERMINATED AS MOOT.

**I.    PROCEDURAL AND FACTUAL HISTORY**

On November 3, 2016, Ellis originally brought this action *pro se* against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). *See* ECF 1. Ellis

filed an amended complaint as of right in December 2016. *See* ECF 9 ("FAC"). Ellis's allegations in the FAC concerned Defendants' failure to reasonably investigate her dispute of information appearing on her credit reports. Specifically, she contended that at least one credit account or tradeline appeared inaccurately on her credit reports compiled by different credit reporting agencies including Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC ("TransUnion"). The FAC alleged that in July 2014, Ellis noticed that Defendants reported an account on her credit reports that never belonged to her. FAC ¶¶ 13–14. The FAC further alleged that after conducting their investigation, Defendants withdrew the inaccurate information from their report to TransUnion, but failed to remove the inaccurate information from the Equifax and Experian credit reports. *Id*. ¶¶ 15, 18.

Defendants appeared in the action and filed a motion to dismiss the FAC. *See* ECF 15. The Court held a hearing and issued an order granting in part and denying in part Defendants' motion to dismiss the FAC with leave to amend. *See* ECF 36. In granting the motion to dismiss, the Court found that the FAC failed to differentiate between Defendants as required by Federal Rule of Civil Procedure 8(a)(2). *Id*. at 3. All of the causes of action in the FAC were dismissed on that basis. The Court granted Ellis leave to amend to cure the deficiency. Although the Court declined to address Defendants' argument that Ellis failed to allege facts supporting the contention that their investigation was unreasonable, the Court advised Ellis to review the Defendants' motion and address their argument to the extent they were meritorious. *Id*. at 4 n.1.

The Court also granted Defendants' motion to dismiss the FAC on the grounds that it was untimely under the applicable two-year statute of limitations period. *Id*. at 4-5. The Court found that a cause of action under the FCRA begins to accrue once the consumer discovers that the furnisher's investigation was unreasonable. *Id.* (citing *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1109 (9th Cir. 2012)); *see also Merck & Co., Inc. v. Reynolds*, 559 U.S. 633, 653 (2010) (constructive discovery is generally read into discovery statutes). Considering the FAC and the evidence incorporated by reference, the Court held that Ellis became aware of her potential FCRA claim on August 14, 2014 at the earliest, when she responded to the notice of inaccurate information. ECF 36 at 5. Ellis argued that she did not discover the FCRA violations until March

2

2016, which would put her claims within the statute of limitations period. In granting Defendants' motion to dismiss to the FAC as untimely, the Court allowed Ellis an opportunity to amend her complaint "to allege why, with reasonable diligence, she could not have discovered this violation in August 2014." *Id*. Ellis then timely filed a second amended complaint ("SAC").

Defendants promptly filed a motion to dismiss the SAC, which is now pending before the Court. *See* ECF 40. Defendants raise the same arguments that they brought in their successful motion to dismiss the FAC, including that the claims remain time barred by the statute of limitations, and that Ellis does not allege any facts that their investigation was unreasonable. *Id*. at 4-9. Further, Defendants argue that they were merely required to investigate and report inaccurate information to credit reporting agencies, and that Ellis fails to show damages regarding the alleged source of reporting. *Id*. at 9.

Ellis did not oppose Defendants' motion to dismiss the SAC. Rather, she retained counsel shortly before her opposition to Defendants' motion to dismiss was due. *See* ECF 42. Counsel for Ellis then filed a motion for leave to file a Third Amended Complaint ("TAC") which is now pending before the Court. *See* ECF 43. The motion for leave to amend was filed prior to Ellis's deadline to file an opposition to Defendants' motion to dismiss. *See* ECF 39, 43. Counsel clearly expressed a need for more time to review the case and adequately address the deficiencies in the SAC. ECF 43 at 4.

Defendants refused to stipulate to an amended TAC and opposed Ellis's motion, arguing in part that the motion for leave to amend was incomplete because no proposed Third Amended Complaint was attached. *See* ECF 47. Ellis eventually filed a proposed TAC on July 23, 2017. *See* ECF 48-1. Ellis explained that the decision to move for an amendment without having the proposed TAC completed "was not made to disrespect or evade the Local Rules, the Court, or Defendants. Rather, the decision was made to apprise the Court of Plaintiff's newly retained Counsel and their plan to place the case in the proper posture so that it may be litigated efficiently and appropriately." *See* ECF 49 at 2. In light of the late filing of the TAC, the Court granted the parties' stipulation for each side to file a supplemental brief on the motion. *See* ECF 51.

The Court has considered the circumstances of this case, the briefing of both sides, and the

3

relevant law. Because good cause exists to file the TAC, Ellis's motion for leave to amend is GRANTED and Defendants' motion to dismiss the SAC is TERMINATED AS MOOT.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). Further amendment of the pleadings is allowed with the opposing party's consent or leave of the court. *Id.* 15(a)(2). The factors considered when determining whether to grant leave to amend include: "(1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Ciampi v. City of Palo Alto*, No. 09-CV-02655-LHK, 2010 WL 5174013, at *2 (N.D. Cal. Dec. 15, 2010) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If the moving party establishes "good cause" to modify the scheduling order, "it must then demonstrate that its motion is also proper under Rule 15." *Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

The "good cause" analysis "is not coextensive with an inquiry into the propriety of the amendment under [] Rule 15." *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* Courts may take into account any resulting prejudice to the opposing party, but "the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification ... [i]f that party was not diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson,* 975 F.2d at 609).

4

### III. DISCUSSION

Rule 16(b) governs Ellis's motion for leave to amend the pleadings. The last day to amend the pleadings pursuant to Rule 15's liberal standard was 60 days after the issuance of the case management order in this matter. *See* ECF 35 ("Case Management Order"). The Case Management Order was issued on April 20, 2017. Thus, the deadline to amend the pleadings under Rule 15 was June 19, 2017. Ellis filed her motion for leave to amend on July 5, 2017. *See* ECF 43. Therefore, the Court must apply Rule 16's "good cause" standard because Ellis's motion also seeks to modify the scheduling order in this action. Neither party addresses Rule 16(b)'s good cause standard in their briefing, but rather they argue the motion under the factors set forth in Rule 15. The Court only turns to such factors if the moving party first establishes "good cause" to modify the scheduling order. *See Rodarte v. Alameda Cty.*, No. 14-CV-00468-KAW, 2015 WL 5440788, at *2 (N.D. Cal. Sept. 15, 2015) (citing *Johnson,* 975 F.2d at 608).

#### A. Good Cause Exists Under Rule 16(b)

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

The Court finds that good cause exists to modify the scheduling order and permit amendment. The procedural posture of this case is unique in that Ellis was able to secure counsel only a few days before her opposition to Defendants' motion to dismiss was due. Counsel represents that they worked through the July Fourth holiday weekend in order to get up to speed on the case, and made the strategic decision to file a motion for leave to amend rather than oppose Defendants' motion to dismiss. *See* ECF 43 at 4. In response to Ellis retaining counsel, Defendants refused to stipulate to an amended complaint and argued that Ellis's motion is a "clear attempt to avoid filing a response to the meritorious arguments made in Defendants' motion to dismiss." *See* ECF 47 at 1. The Court disagrees with this characterization by Defendants.

5

Moreover, there is no evidence of lack of diligence. Defendants make much of the fact that Ellis did not file the proposed TAC with her motion. The Court recognizes that the proposed TAC was late, however the amended pleading was filed prior to the deadline for Ellis's response and within a matter of weeks after counsel was retained. Moreover, the resulting prejudice to Defendants was slight given that Ellis stipulated to an extension of time for Defendants to file a supplemental response in light of the proposed TAC. In fact, Ellis's motion itself indicated that the proposed TAC would be provided as soon as possible, and she preemptively agreed to grant Defendants an extension to address the proposed amendment. *See* ECF 43, at 3. Thus, the Court finds that Ellis's reason for seeking modification of the deadline to amend the pleadings is supported by good cause.

The Court also notes that Defendants are not prejudiced by the filing of the TAC. Trial in this matter is set for September 23, 2019. *See* ECF 35. Moreover, discovery in the action does not even appear to have commenced. *See* ECF 43 at 6. Defendants do not and cannot suggest that they would be unduly prejudiced by amendment nearly two years before trial and prior to conducting any discovery. In fact, the Court agrees with Ellis that the TAC now clarifies many of the issues that have plagued Ellis's prior pleadings. Thus, Defendants can now oppose an adequately represented plaintiff on the merits of the case, and they have ample time to brief and argue a motion to dismiss the TAC should they so choose. For these reasons, the Court finds that good cause exists under Rule 16(b).

### B. The Motion to File the TAC is Also Proper Under Rule 15

Ellis's motion for leave to amend also satisfies the requirements of Rule 15(a). *See Rodarte*, 2015 WL 5440788, at *2 (finding that if "the moving party has shown good cause under Rule 16(b), it must then demonstrate that its motion is also proper under Rule 15."); *accord Johnson*, 975 F.2d at 608. Under the liberal standard set forth in Rule 15, a court generally will grant leave to amend "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson*, 975 F.2d at 607. Not all factors carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. *Id*. Absent prejudice, or a strong showing of

bad faith, undue delay, or futility of amendment, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* (citation omitted).

Rule 15's heaviest factor, prejudice to Defendants, is not present here. Permitting experienced counsel to file the TAC in place of numerous *pro se* complaints at this point in the litigation, roughly two years before trial and before any discovery has commenced, does not prejudice Defendants. Defendants prefer to have counsel for Ellis defend a *pro se* complaint that they did not review or draft, rather than permit an amendment. Defendants' argument that they are prejudiced by amendment in these circumstances is unavailing. *See* ECF 52 at 8. Without specifically arguing that Ellis's claims are barred by res judicata in light of a prior action, Defendants argue that they will be prejudiced by the TAC because Ellis *could have* brought her claims in a prior action against Defendants and actually released all claims against Defendants in March 2015. *Id*. These arguments are inappropriate under Rule 15's "prejudice" factor and deal directly with the merits of Ellis's claims. Thus, the Court considers them under the "futility" factor, addressed below.

The Court next considers the remaining factors under Rule 15, and finds that the presumption in favor of granting leave to amend applies. Consistent with the Court's discussion above under the good cause standard, Ellis has not unduly delayed in seeking the proposed amendment. Rather, Ellis sought and obtained counsel to represent her shortly after Defendants filed a motion to dismiss the SAC. In a matter of days, counsel then made the decision to seek leave to file the TAC rather than to oppose Defendants' motion to dismiss the *pro se* SAC. There is simply no evidence in the record of bad faith or dilatory motive in these circumstances. Defendants do not dispute the limited time that counsel for Ellis had to prepare a response to the motion to dismiss or to file a proposed TAC. Rather, Defendants take issue with their opponent's decision to seek amendment pursuant to a "procedurally defective and incomplete" motion rather than respond to their arguments directed at the *pro se* complaint. *See* ECF 52 at 7.

The circumstances of this case do not evidence undue delay or dilatory motive in the slightest. The record before the Court indicates that newly retained counsel was in a difficult position and had to respond quickly to a pending motion concerning issues on which the Court had

7

previously given detailed instructions on amendment. Defendants' "evidence" of undue delay and dilatory motive is merely attorney argument that completely ignores Ellis's articulated reasons for the procedural actions taken – to amend a previously *pro se* complaint in a short period of time. In any event, delay standing alone is not sufficient to deny amendment. *Ridola v. Ingrid Chao*, No. 16-CV-02246-BLF, 2017 WL 2688220, at *2 (N.D. Cal. June 22, 2017).

Finally, the Court finds that futility does not weigh against Ellis in this case. In their opposition to Ellis's motion for leave to file the TAC, Defendants argue the merits of their motion to dismiss on the statute of limitations issue. For example, Defendants argue that the proposed TAC alleges a "creative excuse to try to explain why Plaintiff could not have discovered the August 2014 Equifax report when it arrived in her mail in August, and instead discovered it in November." *See* ECF 52 at 7. In response, Ellis argues that Defendants misconstrue the allegations in the TAC regarding when she is alleging that the limitations period begins to run. *See* ECF 54 at 7. As for Defendants' argument that Ellis previously released her claims against Defendants in a prior action, Ellis argues that release is an affirmative defense. *Id*. Thus, it would not be appropriate to determine whether the release extinguishes Ellis's claims on a motion to dismiss. Ellis further points out that at least one alleged dispute occurred in 2016, after the dates covered by the release at issue. *Id*. at 7-8.

All of the Rule 15(a) factors weigh in favor of granting Ellis's motion for leave to file the TAC. Most importantly, there is no prejudice to Defendants. The result of filing the TAC merely requires Defendants to litigate the merits of this case against experienced attorneys rather than a *pro se* plaintiff. The Court as well as the parties will benefit from the filing of the TAC and renewed briefing on a motion to dismiss the underlying allegations.

**C.     Defendants' Request to Strike Allegations in the Proposed TAC**

Without citing to any authority, Defendants' opposition also includes a request to strike allegations in the TAC. The Court need not consider a motion to strike allegations in the TAC at this stage. Once Ellis files the TAC in the record, Defendants may properly move to dismiss or strike allegations in the TAC based on a brief containing legal authority. However, based on the limited argument provided, Defendants are advised that a release of all *claims* against Defendants
8

for their automated telephone calls does not necessarily prevent Ellis from alleging facts involving those telephone calls to support her causes of action that are unrelated to the previously settled claims.

**IV.   ORDER**

For the foregoing reasons, the Court ORDERS as follows:

1. Ellis's Motion for Leave to File a Third Amended Complaint is GRANTED.
2. Defendants' Motion to Dismiss the SAC is TERMINATED AS MOOT.
3. Ellis shall promptly file the TAC in the record.
4. The hearing set for November 2, 2017 is VACATED.

**IT IS SO ORDERED.**

Dated: October 26, 2017

_____
BETH LABSON FREEMAN
United States District Judge

9